**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-1461**

---

TERRA FIRMA, LLC,

         Plaintiff – Appellant,

v.

VILLAGE DOWNRIVER CONDOMINIUM ASSOCIATION, INC.; WICOMICO COUNTY, MARYLAND; WICOMICO COUNTY URBAN SERVICE COMMISSION,

         Defendants – Appellees.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:21-cv-01357-GLR)

---

Submitted: October 28, 2022                      Decided: January 25, 2023

---

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and MOTZ, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Bruce F. Bright, AYRES, JENKINS, GORDY & ALMAND, P.A., Ocean City, Maryland, for Appellant. Kevin B. Karpinski, KARPINSKI, CORNBROOKS, & KARP, P.A., Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff-Appellant Terra Firma, LLC was the property developer for a condominium community in Wicomico County, Maryland. Plaintiff appeals from the district court's order dismissing nearly all its claims pursuant to Rule 12(b)(6) and remanding the remaining claims to state court. We affirm.

As part of its development duties, Plaintiff constructed a community sewerage system ("Sewage Facility") for the condo community. On July 31, 2008, Wicomico County ("the County"), the Wicomico County Urban Service Commission ("the Commission"), and Plaintiff executed a Shared Facility Agreement ("SFA") to govern the parties' rights, obligations, and interests regarding the Sewage Facility. Sometime in 2018, Plaintiff turned over operative control of the development to the Village DownRiver Condominium Association, Inc. ("the Condo Association"), though it continues to own one or more unimproved lots within the development. On March 22, 2018, the County, the Commission, and the Condo Association—but not Plaintiff—executed an Amended and Restated Shared Facility Agreement ("ASFA"). Plaintiff attached the SFA and ASFA to the complaint as exhibits.

Plaintiff sued the County, the Commission, and the Condo Association in the Wicomico Circuit Court, alleging sixteen counts under federal and state law arising out of the Sewage Facility's development and Defendants' execution of the ASFA. Defendants removed the case to federal court and moved to dismiss. They attached to their motion the Condominium Declaration and By-Laws ("Declaration"), which Plaintiff executed on August 27, 2008.

2

The district court granted the motion to dismiss in part and denied it without prejudice in part on March 28, 2022. *Terra Firma, LLC v. Wicomico Cnty.*, No. CV GLR-21-1357, 2022 WL 899446, at *1 (D. Md. Mar. 28, 2022). In its order, the district court dismissed nearly all the claims, except for two declaratory-judgment claims that it remanded to state court. *Id.* at *10.

We have jurisdiction over the dismissed claims in this appeal pursuant to 28 U.S.C. § 1291. We review the district court's ruling on a motion to dismiss de novo. *See Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 268 (4th Cir. 2022).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We "accept[] as true all well-pleaded facts in a complaint and construe[] them in the light most favorable to the plaintiff." *Harvey*, 48 F.4th at 268. Although "our evaluation is . . . generally limited to a review of the allegations of the complaint itself," "we also consider documents that are . . . attached to the complaint as exhibits," such as the SFA and ASFA. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). And "we may properly take judicial notice of matters of public record," such as the Declaration. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Among Plaintiff's various claims were federal and state substantive and procedural due-process claims, a federal takings claim, and an inverse-condemnation claim. The district court rejected each of those claims because it concluded Plaintiff had not shown that it had a property interest in the Sewage Facility or its excess capacity. *Terra Firma*,

3

2022 WL 899446, at \*4–5. We agree that Plaintiff has not pointed to any property interest that the ASFA took away or threatened, and thus that these claims were properly dismissed.

As the district court correctly concluded, Plaintiff does not directly own the Sewage Facility, except insofar as it owns a partial stake in its capacity as a condo unit owner. *Id.* at \*5. The Declaration defines the Sewage Facility as a "common element" which is owned in common by all the unit owners. J.A. 78.[*] But Plaintiff has set forth no allegations demonstrating that Defendants have encroached on its interests *as a condo unit owner* by executing the ASFA.

Rather, Plaintiff's main contention is that it has a property interest in the excess capacity of the Sewage Facility. It is true that, under the SFA, "no party shall, without the prior written consent of all the parties to this Agreement, permit additions to or expansion of the area served by the [Sewage Facility] to include any property outside of [the development]." J.A. 36. Further, under the SFA, Plaintiff has a right to recoup some costs related to the Sewage Facility's construction under certain circumstances. But to the extent either of these contractual rights creates a property interest, neither is threatened by the ASFA. The ASFA acknowledges that the SFA remains in effect and explicitly recognizes Plaintiff's continuing recoupment right.

Plaintiff points to the ASFA's language that "[a]ll payments for sewer services from such separate development or lot owner therein shall be paid to the Condo[] Association," claiming that this provision takes away its property interest in such payments. J.A. 57. But

---

[*] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

4

Plaintiff fails to articulate how it ever had a contractually protected interest in "payments for sewer services" related to the Sewage Facility's excess capacity.

We have reviewed Plaintiff's remaining contentions and find them to be without merit. Accordingly, we affirm the district court's decision.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*